# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**OMAR F. BARNES,**
**D.O.C. # P02429,**

    **Plaintiff,**

vs.                                          Case No. 4:18cv242-RH/CAS

**SECRETARY JULIE JONES,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

On May 14, 2018, the pro se Plaintiff initiated this case by submitting a hand-written civil rights complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2. Although Plaintiff's motion sufficiently demonstrates that Plaintiff lacks funds in his inmate bank account to pay the filing fee, his motion, ECF No. 2, cannot be granted as explained below.

Plaintiff previously sought to initiate this same claim in another case filed in this Court. Plaintiff filed case number 4:17cv582-MW/CAS on December 18, 2017, but it was dismissed sua sponte in April 2018 because Plaintiff's complaint (and the attachments thereto) sufficiently demonstrated

that he had not exhausted administrative remedies. See ECF No. 13 at 6 of that case; ECF Nos. 16, 19.

Previously, the Eleventh Circuit had held in Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998), that "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera, 144 F.3d at 731. However, the Supreme Court subsequently held that exhaustion is not a pleading rule that a prisoner is required to demonstrate in his complaint but, rather, an affirmative defense. Jones v. Bock, 549 U.S. 199, 211-12, 127 S.Ct. 910, 919, 166 L.Ed.2d 798 (2007).

> The Court reasoned that because Congress did not specifically include exhaustion in the list of grounds for sua sponte dismissal under § 1915A, the normal pleading rules applied. Id. 549 U.S. at ----, 127 S.Ct. at 920. Under the normal pleading rules, '[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.' Id. As a result, a complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint. See id. at 920-21 (cautioning that the conclusion that exhaustion is not a pleading requirement 'is not to say that failure to exhaust cannot be the basis for dismissal for failure to state a claim.'). Otherwise, exhaustion and other affirmative defenses must be raised in a responsive pleading. See id. at 919-21; see Fed. R. Civ. P. 8(c).

Anderson v. Donald, 261 F. App'x 254, 255 (11th Cir. 2008). Thus, although courts should not depart from the usual practice of treating exhaustion as an affirmative defense, Jones, 549 U.S. at 212, 127 S.Ct. at 919, when it appears on the face of a complaint that the case fails to state a claim, it may be dismissed pursuant to § 1915(e)(2)(B). 549 U.S. at 215-16, 127 S.Ct. at 921; *see also* Anderson v. Donald, 261 F. App'x 254, 255 (11th Cir. 2008) (quoting Jones); Soler v. Bureau of Prisons, No. 3:03cv488, 2007 WL 496472, at *2 (N.D. Fla. Feb. 12, 2007) (dismissing claims sua sponte where "the allegations in the complaint, coupled with the numerous and various exhibits attached thereto, presented an adequate factual record and made clear that those claims had not been exhausted."). In such a case, it also stands for a dismissal for failure to state a claim because "the allegations, taken as true, show the plaintiff is not entitled to relief." Jones, 549 U.S. at 215, 127 S.Ct. at 920-21.[1]

In Plaintiff's prior case, case number 4:17cv582-MW/CAS, it was dismissed for both failure to exhaust and failure to state a claim. It counts

---

[1] "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c)." 549 U.S. at 215, 127 S.Ct. at 920-21.

Case No. 4:18cv242-RH/CAS

as a "strike" under 28 U.S.C. § 1915(g). Anderson, 261 F. App'x at 255-56; Okpala v. Drew, 248 F. App'x 72, 72 (11th Cir. 2007) (affirming dismissal of *Bivens* action for failure to exhaust administrative remedies and failure to state a claim where affirmative defense appeared on the face of the complaint); Nelson v. Singer, No. 3:12-CV-361-J-20JRK, 2013 WL 2285088, at *1 (M.D. Fla. May 22, 2013) (concluding that dismissal for failure to exhaust administrative remedies counts as a strike and following Anderson and Okpala).

In addition, judicial notice is taken that Plaintiff filed case number 3:09cv573-HES-TEM in the Middle District of Florida in June 2009.[2] That case was dismissed on July 7, 2009, as frivolous by United States District Judge Harvey Schlesinger. ECF No. 7 of that case. That case counts as Plaintiff's second "strike."

Plaintiff also filed case number 6:15cv329-GKS-GJK in the Middle District of Florida in March 2015. That case was dismissed on April 1, 2015, for failure to state a claim by United States District Judge G. Kendall

---

[2] Plaintiff cites to a case dismissed in the Middle District as frivolous, but did not give the case number, relevant dates, or name of the judge. ECF No. 1 at 5. Presumably it is this case and Plaintiff was not trying to intentionally conceal the information.

Sharp.  ECF No. 10 of that case.  Plaintiff listed this case in his complaint, ECF No. 1 at 5, and it counts as Plaintiff's third "strike" under 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Accordingly, Plaintiff may not proceed in this case with in forma pauperis status unless his complaint alleges sufficient facts showing Plaintiff "is under imminent danger of serious physical injury."

Plaintiff's complaint does not present allegations of imminent danger.  ECF No. 1.  Instead, Plaintiff seeks to litigate a claim concerning the digital music players that are permitted in prison.  *Id.* at 6-8.  Plaintiff is not entitled to proceed with in forma pauperis status and his motion for leave to do so should be denied and this action dismissed.  Dismissal should be without prejudice to Plaintiff making the same allegations in a complaint for which he pays the full $400.00 filing fee at the time of filing the complaint.  Dupree

v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id.

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that any other pending motions be **DENIED,** and this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $400.00 filing fee. It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on May 18, 2018.

       S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.